UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, | No. 2:19-cv-0868 MCE DB PS |
| Plaintiff, | |
| v. | ORDER |
| ERIC NELSON, et al., | |
| Defendants. | |

Plaintiff Mark Aussieker is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On May 23, 2019, plaintiff filed a motion for leave to take discovery prior to a "Rule 26(f) conference." (ECF No. 4 at 1.) Plaintiff's motion, however, was not noticed for hearing as required by Local Rule 230.

Moreover, "Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)." Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); In re Countrywide Fin. Corp. Derivative Litiq., 542 F.Supp.2d 1160, 1179 (C.D. Cal. 2008); Ayyash v. Bank Al–Madina, 233 F.R.D. 325, 326 (S.D. N.Y. 2005). "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." In re Countrywide Fin. Corp. Derivative Litig., 542 F.Supp.2d at 1179; Semitool, Inc. v. Tokyo

1    Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); see also Qwest Commc'ns Int'l, Inc.,

2    213 F.R.D. at 419 (The "party seeking expedited discovery in advance of [the] Rule 26(f)

3    conference has the burden of showing good cause for the requested departure from usual

4    discovery procedures."); Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618,

5    623 (N.D. Ill. 2000) ("Expedited discovery is not the norm. Plaintiff must make some prima facie

6    showing of the need for the expedited discovery."). "Good cause exists 'where the need for

7    expedited discovery, in consideration of the administration of justice, outweighs the prejudice to

8    the responding party.'" In re Countrywide Fin. Corp. Derivative Litig., 542 F.Supp.2d at 1179

9    (quoting Semitol, Inc., 208 F.R.D. at 276).

10         Here, plaintiff seeks "an order allowing him to immediately serve . . . a subpoena on

11    Verizon" to obtain subscriber information for a specific phone number. (ECF No. 4 at 10.)

12    Plaintiff asserts that "without expedited discovery" plaintiff "will be unable to identify the

13    Defendants with sufficient particularity to effect service of process[.]" (Id. at 3.) However,

14    plaintiff's complaint identifies four defendants and summons have issued for those defendants.

15    (ECF Nos. 1 & 2.) And plaintiff's motion asserts that "on 5/15/2018, 5/19/2018 and 5/22/2018,"

16    plaintiff made attempts "to meet and confer with Defendant[.]" (ECF No. 4 at 2.) In this regard,

17    it is entirely unclear why expedited discovery is necessary if plaintiff is aware of the identity of

18    one or more defendants.

19         It may be that plaintiff is seeking expedited discovery because plaintiff has been unable to

20    serve the defendants. In this regard, on August 16, 2019, plaintiff filed a motion for an 180-day

21    extension of time to serve the defendants. (ECF No. 5.) Rule 4 of the Federal Rules of Civil

22    Procedure ("Rule") provides that if a defendant is not served within 90 days the defendant must

23    be dismissed from the action without prejudice. Fed. R. Civ. P 4(m). However,

24          Rule 4(m) provides two avenues for relief. The first is mandatory:
                the district court must extend time for service upon a showing of

25          good cause. The second is discretionary: if good cause is not
                established, the district court may extend time for service upon a

26          showing of excusable neglect.

27    Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587

28    F.3d 1188, 1198 (9th Cir. 2009)).

Here, plaintiff's motion demonstrates good cause for extending the time for service. Specifically, the motion demonstrates that plaintiff has been diligent in attempting to effect service and "engaged a process server[.]" (ECF No. 5 at 2.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 23, 2019 motion for leave to take discovery (ECF No. 4) is denied without prejudice to renewal;

2. Plaintiff's August 16, 2019 motion an extension of time to complete service (ECF No. 5) is granted; and

3. Plaintiff is granted an additional sixty days from the date of this order to complete service upon the defendants.

Dated: February 21, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\aussieker0868.exp.disc.den.ord